## HARRISON v. GRANDISON CO.
### No. 292.

District Court, E. D. Louisiana, New Orleans Division.

July 27, 1940.

James W. Hopkins, of New Orleans, La., for plaintiff.

William A. Wenck and Henry & Kelleher, all of New Orleans, La., for defendant.

CAILLOUET, District Judge.

The plaintiff, in his petition before the Civil District Court for the Parish of Or-

leans, Division E, alleged his claimed title to certain therein detailed lands to have come to him from Leonard A. Andrus and Frank W. Grant, on August 28, 1929, subject to the reservation of the oil, gas and mineral rights in and to said lands; and that said reserved mineral rights were sold and transferred by the said Andrus and Grant to defendant, The Grandison Company, on July 22, 1930.

The plaintiff's petition contained the following other allegations, viz.:

"5. That the said oil, gas and mineral rights reserved in the sale by the said Andrus and Grant on August 28, 1929 and transferred by the said Leonard A. Andrus and Frank W. Grant to Grandison Company, on July 22, 1930, have expired by ten year prescription and non-user and on August 28, 1939 reverted to and now belong to your petitioner; that the said defendant no longer has any right or interest in the said oil, gas and minerals, which are fully vested in your said petitioner.

"6. That the said defendant is slandering the title of your petitioner to the said lands by claiming to be the owner of the said oil, gas and mineral rights therein and thereunder, and has refused, despite amicable request on the part of your petitioner, to admit your petitioner's ownership of the said lands with all the oil, gas and mineral rights and has refused to cancel in full or part the said transfer of oil, gas and mineral rights by the said Andrus and Grant to it on July 22, 1930.

"7. That the said slander of title by the said defendant has caused damage and injury to your petitioner in the full and true sum of Three Thousand Dollars ($3,000.-00), which petitioner is entitled to recover from the said defendant."

The prayer of the petition was to the effect that the defendant should be ordered to either disclaim "any title whatsoever to the said property, or oil, gas and mineral rights therein or thereunder, or to assert herein such rights as it may have against said property, or said oil, gas and mineral rights;" and that, in due course, judgment should be rendered in favor of the plaintiff, and against the defendant "cancelling the inscriptions of the said reservation of the said oil, gas and mineral rights in the deed dated August 28th, 1929, and the inscription of the transfer of the said oil, gas and mineral rights dated July 22nd, 1930," and condemning the defend-

ant to pay to the plaintiff the sum of $3,000, with legal interest from date of judicial demand until paid, and all costs of suit.

The petition for removal to this Court, addressed to the State Court by the defendant, set up, specifically, that the plaintiff's suit has for its true object the securing of a judicial decree ordering the cancellation of the reserved and transferred mineral rights in question, which would be to the benefit and advantage of the plaintiff, as owner and possessor of the lands to which such mineral rights relate.

These particular mineral rights, which are truly the matter at issue between the parties, were alleged by the petition for removal to be of a value far in excess of the sum of $5,000.

An order for removal was duly signed in the State court on February 14, 1940, and the defendant's answer to the plaintiff's petition was filed in *this* Federal court on March 19, 1940, after which followed the filing of the motion to remand, on March 19, 1940, which is now before said Court for action.

On the trial of the motion, it was specifically admitted that defendant's claimed mineral rights are worth in excess of $5,000.

The assertion of the continued legal existence of such mineral rights constitutes a slander of his title to the described lands which he purchased, subject to the reservation and exclusion of said rights; so contends plaintiff.

As the record is made up on the motion to remand, the mineral rights in question, if legally existent, are worth no less than $5,000, or, that is to say, so much value reserved and excluded from the worth attached to plaintiff's lands, his ownership of which, he represents, is injuriously affected by the continued presence on the public records of the original exclusion, and of the subsequent cession and transfer, of the reserved mineral rights in question, and by defendant's refusal of plaintiff's amicable request to admit the latter's "ownership of the said lands with all the oil, gas and mineral rights" and to have cancelled from the public records the evidence of defendant's admitted original acquisition of the excluded and reserved mineral rights; so injuriously affected, apparently, as to warrant plaintiff's seeking to recover, as compensatory damages, the sum of $3,000, with legal interest from date of judicial demand, and costs.

If the mineral rights which, admittedly, once vested in the defendant company, still subsist, the defendant may not properly be charged with slander of title, and damages are not recoverable; but if prescription has actually destroyed the once existent "mineral estate", then the defendant company's persisting claim thereto and the continued presence in the public records of the evidence of the former reserved mineral interest, may well operate to the great disadvantage of the plaintiff as record owner of the "surface rights."

The real matter in dispute between the parties before the court, is, whether or not there still subsists the once existent "mineral estate" separate and distinct from the "surface estate"; which "mineral estate", the defendant asserts (and the plaintiff admits), is worth no less than $5,000.

Depending upon the eventual judicial determination of the question whether or not the mineral rights in question still subsist, the parties will be monetarily affected to the sum and amount of no less than $5,000. If subsistent, then a value of $5,000 will still continue to be reserved and excluded from the corpus of the plaintiff's real property. If prescribed, as contended for by plaintiff, then defendant will no longer be entitled to claim these mineral rights, worth no less than $5,000, to the evident benefit and advantage, in that value, of the plaintiff.

 It is the well-established rule, no doubt, that the question whether a case is removable or not is to be determined by the claim of the plaintiff as shown by the record at the time of filing the petition. Riggs v. Clark, 6 Cir., 1896, 71 F. 560.

■ The claim of the plaintiff, here, is shown to be not only for $3,000 compensatory damages, but for the eventual "reincorporation" of a hitherto reserved and excluded "mineral estate", of the value of $5,000, to his landed estate.

The plaintiff's prayer for judgment in the sum of *no more than* $3,000 does not, in the face of the $5,000 mineral rights' value alleged by the petition for removal, and the admission of said value specifically made on the trial of the motion to remand, support Counsel's argument to the effect that this Court is without jurisdiction.

■ When a litigant so seeks to obtain certain remedial relief, including compensatory damages, the pecuniary value of the matter in controversy (for the purpose of deciding the question of a Federal Court's jurisdiction vel non), may be arrived at by considering the increased or diminished value of the property directly affected by the remedial relief prayed for, or the pecuniary result to *one* of the parties immediately from the judgment. Smith v. Adams, 1889, 130 U.S. 167, 9 S.Ct. 566, 32 L.Ed. 895.

■ The whole value of the property, the enjoyment of which is at issue, is the measure of the value of the matter in controversy, for the purpose of determining the jurisdictional amount; that value, *here,* is definitely fixed at $5,000, and jurisdiction is vested in this Court. Lehigh Zinc & Iron Co. v. New Jersey Zinc & Iron Co., C.C., D.N.J., 1890, 43 F. 545; Simon et al. v. House et al., C.C., W.D.Tex., 1891, 46 F. 317; Smith v. Vivens et al., C.C., D.S.C., 1893, 56 F. 352.

■ The amount or value of *that which the plaintiff seeks to recover,* or the amount or value *which the defendant will lose* if the plaintiff obtains the recovery that he seeks, is what should and does determine the question of jurisdiction; and the sum or value of *that* which is *here* in dispute, is certainly much over the jurisdictional sum prescribed by law. Cowell et al. v. City Water Supply Co. et al., 8 Cir., 1903, 121 F. 53.

The motion to remand is, therefore, denied.