HAYNES *v.* COLUMBIA PICTURES CORPORATION *et al.*

(*Nashville*, December Term, 1941.)

Opinion filed June 2, 1942.

ROBINSON & ROBINSON, of Memphis, for plaintiff in error.

WINCHESTER & BEARMAN, of Memphis, for defendant in error.

MR. SPECIAL JUSTICE J. ROY HICKERSON delivered the opinion of the Court.

Thomas B. Haynes was killed in July, 1941, under conditions which entitled his widow and minor daughter to recover compensation from defendants under the Workmen's Compensation Act of Tennessee, Code 1932, Section 6851 et seq. Suit was brought and judgment for compensation was entered but the recovery was limited to $5,000.

The facts were stipulated. Only one question is presented for the determination of this Court and that is a question of law: Did the trial court correctly limit the judgment to $5,000?

Three sections of the workmen's compensation law as amended by Chapter 90 of the Acts of 1941 are involved and require construction:

1932 Code, Section 6880, 1941 amendment: "*Amounts payable for death according to number of dependents.*— In all cases of death of an employee covered by the workmen's compensation law sixty per centum of the average weekly wages defined as stated, shall be paid in cases

where such deceased employee leaves dependents subject to maximum compensation as follows: eighteen dollars per week. (1927, ch. 40, sec. 1 [1941, ch. 90, sec. 7].)''

1932 Code, Section 6881: ''*Basic limitation.*—The total amount of compensation payable under the preceding section shall not exceed five thousand dollars, exclusive of medical, hospital, and funeral benefits.''

1932 Code, Section 6883(17), 1941 amendment: ''*Compensation in case of death.*—The compensation payable in case of death to persons wholly dependent shall be subject to a maximum compensation of eighteen dollars per week and a minimum of seven dollars per week, provided, that if at the time of the injury the employee receives wages of less than seven dollars per week, the compensation shall be the full amount of such wages per week. The compensation payable to partial dependents shall be subject to a maximum of eighteen dollars per week, and a minimum of seven dollars per week; provided, that if the income loss of said partial dependents by such death is less than seven dollars per week, then the dependents shall receive the full amount of their income loss. This compensation shall be paid during dependency not exceeding four hundred weeks, payments to be made at the intervals when the wage was payable as nearly as may be.''

1932 Code, Section 6880, as amended by Chapter 90 of the Acts of 1941, was first enacted as an amendment to the Compensation Act of 1919, Chapter 123, by Chapter 84 of the Acts of 1923. This Court construed this section in *Caruthers* v. *Lake County Mfg. Co., Inc.,* 150 Tenn., 269, 263 S. W., 793, 794, and held that: '' 'Defined as stated' in the original act, a maximum of 50 per centum was payable in death cases, under conditions stated, the payment in such cases being graduated from 30 per

centum to 50 per centum according to the number of dependents. This was clearly 'defined' in the law, and we think the changes contemplated by the amendment relate to increases in the maximum allowances, rather than the minimum percentages payable.''

■ Code Section 6880, therefore, applies ''in all cases of death of an employee covered by the workmen's compensation law.'' Code Section 6881 limits the compensation payable under Code Section 6880, to $5,000, exclusive of medical, hospital and funeral benefits. Wherefore, this limitation applies to all cases of death of an employee covered by the workmen's compensation law.

■ The Code Sections under consideration, 6880, 6881, and 6883(17), are related and must be construed together. They deal with the same subject: compensation in death cases.

As construed by this Court, Section 6880 provides that a maximum of sixty per centum was payable in death cases, under conditions stated, the payment in such cases being graduated from thirty-five per centum to sixty per centum according to the number of dependents, subject to a maximum limitation of $18 a week. Section 6881 provides a general basic limitation of $5,000 for the total amount of compensation payable under section 6880. Section 6880 applies to ''all cases of death of an employee covered by the workmen's compensation law.'' Section 6883(17) provides that the compensation in case of death as set out therein ''shall be paid during dependency not exceeding four hundred weeks.''

Section 6883(17) fixes the maximum time during which payments must be made in a death case at 400 weeks. Section 6881 limits the amount of compensation in all death cases to $5,000.

Appellant relies upon certain decisions of this Court to sustain her contention. *Clayton Paving Company* v. *Appleton*, 163 Tenn., 27, 39 S. W. (2d), 1037, was decided before the effective date of the Code of 1932. The Court held in that case that the limitation of $5,000 compensation fixed by the statute for permanent total disability did not apply in death cases, as the two sections of the Act dealing with permanent total disability and death cases were not in any way related. Code Section 6881 was not involved.

*Liberty Mutual Insurance Company* v. *Maxwell*, 164 Tenn., 1, 46 S. W. (2d), 67, considers permanent partial disability and permanent total disability. Being separate and distinct subjects in the Compensation Act the Court held that there was no relation between the two and that the limitation of $5,000 in permanent total disability cases did not apply to permanent partial disability cases. Code Section 6881 was not involved in that case.

All assignments of error are overruled and the judgment of the trial court is affirmed.