## AETNA CASUALTY & SURETY CO. ET AL. *v.* FLOWERS.

No. 432.   Argued February 13, 1947.—Decided March 10, 1947.

*Clyde W. Key* argued the cause and filed a brief for petitioners.

Respondent submitted on brief *pro se.*

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

This action for death benefits under the Workmen's Compensation Law of Tennessee (Tenn. Code Ann. 1934, § 6851 *et seq.*) was commenced in 1945 by plaintiff-respondent in the Chancery Court of Hawkins County, Tennessee. The defendants-petitioners are the former employer of her deceased husband and the employer's insurance carrier. Service was had on the insurance carrier in Hawkins County, and on the employer in Knox County. Respondent is a citizen of Tennessee, the employer is a North Carolina corporation, and the insurance carrier is a Connecticut corporation. The complaint alleged that respondent's husband died as the result of an accident occurring in the course of his employment. Burial expenses plus benefits in the amount of $5,000, the maximum under the Tennessee statute,[1] were sought on behalf of respondent and her two minor children, aged twelve and fifteen.

On May 28, 1945, petitioners mailed a notice of intention to file a petition for removal to a federal District Court which was received by respondent's attorney on the morning of May 29. The petition for removal was filed in the Chancery Court the same day, and on June 5 the removal order issued. In the federal court the petitioners moved for dismissal on the ground that venue was not properly laid in the Hawkins County Court, so that

---

[1] Death benefits are provided in the amount of 60% of the average weekly wages of the employee (as computed in accordance with Tenn. Code § 6852 (c)), but payments may not exceed $18 per week, nor continue for more than 400 weeks. § 6880; § 6883 (17). In addition there is a ceiling of $5,000 on total benefits exclusive of burial and certain other expenses. § 6881. See *Haynes* v. *Columbia Pictures Corp.*, 178 Tenn. 648, 162 S. W. 2d 383. The complaint alleged that 60% of the average weekly wages for the statutory period would exceed $5,000.

under Tennessee law that court had lacked jurisdiction.[2] Respondent sought a remand of the case to the state court, contending that the requisites of diversity jurisdiction had not been met either as to jurisdictional amount or as to proper notice of filing of the removal petition, and that the suit was not removable because not one of a civil nature in law or equity. The District Court concluded that Hawkins County was not the proper venue. It thereupon dismissed the action without reaching the questions raised by respondent's motion for a remand.

The judgment was reversed on appeal. 154 F. 2d 881. The Circuit Court of Appeals held that the jurisdictional minimum of $3,000 in controversy (Judicial Code § 24, 28 U. S. C. § 41 (1)) was not present, and therefore ordered the case remanded to the state court. In this disposition the Circuit Court of Appeals reached neither the state venue question raised by petitioners, nor respondent's contention that the required notice of the filing of the removal petition was lacking. We granted certiorari because of an apparent conflict with *Brotherhood of Locomotive Firemen* v. *Pinkston*, 293 U. S. 96, as to the jurisdictional minimum requirement.

*First.* It is suggested that a decision of a Circuit Court of Appeals ordering remand of a case to a state court is not reviewable. And it is also said that we lack power to review the action of the Circuit Court of Appeals, since the mandate of that court has issued and the District Court has remanded the cause to the state court.

An order of a District Court remanding a cause to the state court from whence it came is not appealable, and hence may not be reviewed either in the Circuit Court

---

[2] The contention was that proper venue lay only in Roane County where, it was alleged, the accident occurred and the business of the employer is conducted. It was argued that service on the insurer in Hawkins County did not give the Hawkins County Court jurisdiction of the case.

of Appeals or here. Judicial Code § 28, 28 U. S. C. § 71; *Kloeb* v. *Armour & Co.*, 311 U. S. 199; *Metropolitan Casualty Ins. Co.* v. *Stevens,* 312 U. S. 563; *United States* v. *Rice,* 327 U. S. 742. But no such limitation affects our authority to review an action of the Circuit Court of Appeals, directing a remand to a state court. *Gay* v. *Ruff,* 292 U. S. 25. Nor does the fact that the mandate of the Circuit Court of Appeals has issued defeat this Court's jurisdiction. *Carr* v. *Zaja,* 283 U. S. 52, and cases cited.

*Second.* We think that the jurisdictional amount of $3,000 was involved in this suit. The contrary conclusion of the Circuit Court of Appeals was based on the nature of the award under the Tennessee statute. The award may be paid in installments at regular intervals by the employer or by a trustee with whom the amount of the award, reduced to present value, has been deposited. Tenn. Code § 6893. Moreover, the death or remarriage of respondent, plus the death or attainment of the age of eighteen by the children, would terminate all payments. Tenn. Code § 6883. Since an award to respondent would be payable in installments, and by operation of conditions subsequent the total payments might never reach $3,000, the Circuit Court of Appeals concluded that the jurisdictional amount was lacking.

If this case were one where judgment could be entered only for the installments due at the commencement of the suit (cf. *New York Life Ins. Co.* v. *Viglas,* 297 U. S. 672, 678), future installments could not be considered in determining whether the jurisdictional amount was involved, even though the judgment would be determinative of liability for future installments as they accrued. *Wright* v. *Mutual Life Ins. Co.,* 19 F. 2d 117, aff'd. 276 U. S. 602. Cf. *Button* v. *Mutual Life Ins. Co.,* 48 F. Supp. 168. But this is not that type of case. For the Tennessee statute which creates liability for the award contemplates a single action for the determination of claimant's

right to benefits and a single judgment for the award granted. See Tenn. Code §§ 6880, 6881, 6890, 6891, 6893; *Shockley* v. *Morristown Produce & Ice Co.,* 171 Tenn. 591, 106 S. W. 2d 562.

Nor does the fact that it cannot be known as a matter of absolute certainty that the amount which may ultimately be paid, if respondent prevails, will exceed $3,000, mean that the jurisdictional amount is lacking. This Court has rejected such a restrictive interpretation of the statute creating diversity jurisdiction. It has held that a possibility that payments will terminate before the total reaches the jurisdictional minimum is immaterial if the right to all the payments is in issue. *Brotherhood of Locomotive Firemen* v. *Pinkston, supra; Thompson* v. *Thompson,* 226 U. S. 551. Future payments are not in any proper sense contingent, although they may be decreased or cut off altogether by the operation of conditions subsequent. *Thompson* v. *Thompson, supra,* p. 560. And there is no suggestion that by reason of life expectancy or law of averages the maximum amount recoverable can be expected to fall below the jurisdictional minimum. Cf. *Brotherhood of Locomotive Firemen* v. *Pinkston, supra,* p. 101. Moreover, the computation of the maximum amount recoverable is not complicated by the necessity of determining the life expectancy of respondent.[3] Cf. *Thompson* v. *Thompson, supra,* p. 559; *Brotherhood of Locomotive Firemen* v. *Pinkston, supra,* p. 100.

*Third.* Respondent, as is her right, *United States* v. *Ballard,* 322 U. S. 78, 88, and cases cited, seeks to support the action of the Circuit Court of Appeals on other grounds. But those questions were not passed upon by that court nor adequately presented here. So we deem it more appropriate to remand the case to the Circuit Court of Appeals so it may consider those questions. *United States* v. *Ballard, supra.*

*Reversed.*

---

[3] See note 1, *supra.*