## JOHNSON v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

### No. 7321.

United States District Court
E. D. Michigan, S. D.
Sept. 29, 1948.

Milton A. Behrendt, and Margaret Groefsema, both of Detroit, Mich., for plaintiff.

Miller, Canfield, Paddock & Stone, of Detroit, Mich., for defendant.

LEDERLE, Chief Judge.

This diversity of citizenship case is presently before the court for determination of a motion to dismiss containing two grounds, namely,

1. That there is only $2,000. involved, and, therefore, the amount in controversy does not exceed $3,000, as required by the diversity jurisdiction statute, 28 U.S.C.A. § 41 (1), carried into the 1948 revision of the Judicial Code as 28 U.S.C.A. § 1332 (a), and

2. That this same contention was made by defendant in a motion to dismiss an identical claim presented against it in prior case 7222 in this court, Johnson v. State Mut. Life Assur. Co. of Worcester, Mass., 80 F.Supp. 556, and determined adversely to plaintiff by entry of an order granting the motion to dismiss, which is res judicata.

A history of the litigation is important in understanding the conclusions reached on this present motion to dismiss.

Case 7222:

On March 10, 1948, plaintiff, a citizen of Michigan, instituted civil action 7222 against State Mutual Life Assurance Company of Worcester, Massachusetts, and The Equitable Life Assurance Society of the United States, foreign corporation, claiming jurisdiction under 28 U.S.C.A. 41 (1) because of diversity of citizenship of the parties and the matter in controversy exceeding $3,-000.00.

The complaint was based upon the following 4 paid-up insurance policies,

Nos. 321937, 3682813 and 339899, State Mutual, principal sum of $5,000.00 each ordinary life insurance, with disability benefits of $50.00 per month each during total and permanent disability if such disability arose prior to age 60.

No. 2425388, Equitable Life, principal sum of $5,000.00 ordinary life insurance, with disability benefits of $500.00 per year during total and permanent disability if such disability arose prior to age 60.

Plaintiff's sole complaint was that, although plaintiff had become totally and permanently disabled on March 30, 1944, before he reached age 60 on December 1, 1946, and had furnished due proofs of loss to each insurer, both had refused to pay any disability benefits. The complaint demanded money damages and a trial by jury.

Throughout, it has been conceded that the maximum amounts that could be recovered by plaintiff at this time are $7,200.00 from State Mutual and $2,000.00 from Equitable Life; that plaintiff's claimed disability is a heart disease; that the claims against the two companies are separate causes of action, and that the policies of the two companies are similar but not identical.

On April 1, 1948, Equitable Life filed and served a motion to dismiss case 7222 for the reasons that the jurisdictional minimum of $3,000.00 was not involved as to it and that

there had been a misjoinder of defendants and causes of action.

On the same day, April 1, 1948, State Mutual filed its answer, to which it attached a motion for relief under Federal Rules of Civil Procedure, rule 21, 28 U.S.C.A., on the theory that there had been a misjoinder of defendants and causes of action.

These two motions were heard at the same time and, it appearing that there were dissimilarities between the disability wording of the policies of the two companies, which companies were represented by two sets of attorneys who desired separate trials of the separate claims against each defendant, it was ordered that the case be dismissed as to Equitable Life without prejudice.

In the interim between the date of filing and date of hearing of said motions, plaintiff filed a motion for leave to amend his complaint by adding a second count wherein, after reaffirming the allegations of the original complaint, he added a prayer for declaratory judgment that the 'policies were in force and had not been cancelled or abrogated, that plaintiff had been permanently and totally disabled within the terms thereof since March 30, 1944, and that defendants were under a duty to pay the disability benefits so long as plaintiff remained permanently and totally disabled.

On May 11, 1948, after the dismissal as to Equitable Life, plaintiff filed an amended complaint against the remaining defendant, State Mutual, on its 3 policies, in which his sole complaint again was a refusal to pay disability benefits after due proof of disability.

Case 7321:

On May 4, 1948, plaintiff instituted civil action No. 7321 in this court against Equitable Life Assurance Society of the United States, again claiming jurisdiction under 28 U.S.C.A. § 41 (1) because of diversity of citizenship and amount involved.

The sole complaint made therein is that, although plaintiff had become totally and permanently disabled on March 30, 1944, before he reached the age of 60 on December 1, 1946, and had furnished due proofs of loss to defendant, defendant had refused to pay disability benefits on the same paid-up policy 2425388 involved in case 7222 at the rate of $500. per year, or a total of $2,000. as of the time of filing suit.

Without allegation of any other dispute with defendant, plaintiff added as count two, a re-allegation of his count one plus a prayer for a declaratory judgment that this Equitable Life policy was in full force, had not been cancelled or abrogated, that plaintiff is and has been since March 30, 1944, totally and permanently disabled within the meaning of the policy and that defendant is under a duty to pay plaintiff the disability benefits so long as he remains disabled.

Motion to Dismiss, Reason 2:

■ As expressed at the hearing of the original motions, it was not then the intention of the court to pass upon the jurisdictional phase of the Equitable Life motion to dismiss, and for this reason the dismissal was ordered without prejudice. Consequently, defendant's contention that the jurisdictional question is res judicata is overruled.

Motion to Dismiss, Reason 1:

Plaintiff filed a brief in opposition to the motion to dismiss, in which he took the position that the amount in controversy was the sum of disability benefits now claimed due plus those which would accrue during his life expectancy.

Defendant then filed a brief in which it cited a number of cases as authority for the proposition that in an action involving a dispute as to disability benefits, the amount in controversy is the total of benefits then due, which, in the instant case, is $2,000.00.

■ In an answering brief plaintiff took a new stand. When properly analyzed, this last contention is, that by adding to the allegation of a dispute over whether or not $2,000.00 in disability benefits are due, a prayer for a declaratory judgment on a non-disputed subject, the validity and vitality of the policy, such a prayer ipso facto creates a controversy as to the validity and vitality of the policy, so that the face amount of the policy, $5,000.00, is in issue, thus conferring jurisdiction over a controversy where more than $3,000.00 is in dispute. Such a contention does not appear tenable to this court. In the language of

560

New York Life Insurance Company v. Viglas, 297 U.S. 672 and 678, 56 S.Ct. 615, 616, 80 L.Ed. 971, "Upon the showing made in the complaint there was neither a repudiation of the policy nor such a breach of its provisions" as to put the validity and vitality of the policy in issue, and, further, "upon the facts declared in the complaint the insurer did not repudiate the obligation of the contract, but did commit a breach for which it is answerable in damages."

Plaintiff's only other argument is that he is over 60 years of age and, because the policy provides for disability benefits only if he became totally and permanently disabled prior to reaching the age of 60, a declaratory judgment as to whether or not he became disabled before reaching 60 would be final on that initial phase of the controversy so long as plaintiff's disability and right to benefit payments might continue in the future, which might involve an additional two years benefits necessary to reach the total $3,000.00. A judgment on plaintiff's claim for damages, either no cause for action or awarding plaintiff money damages, would be just as effective and final under the doctrine of res judicata. Likewise, as pointed out in an analogous situation in Wright v. Mutual Life Insurance Co., 5 Cir. 1927, 19 F.2d 117, affirmed per curiam in 276 U.S. 602, 48 S.Ct. 323, 72 L.Ed. 726, the collateral effect of a judgment is not the test as to the jurisdictional amount, the matter in controversy being the amount for which the beneficiary could recover judgment, which here is $2,000.00. Plaintiff's continued total disability is a condition precedent to any future disability benefits. As stated in Aetna Casualty & Surety Co. v. Flowers, 330 U.S. 464, at page 467, 67 S.Ct. 798, 800, 91 L.Ed. 1024, in distinguishing a controversy involving future installment payments subject to defeat by a condition subsequent,

"If this case were one where judgment could be entered only for the installments due at the commencement of the suit (cf. New York Life Ins. Co. v. Viglas, 297 U. S. 672, 678, 56 S.Ct. 615, 617, 80 L.Ed. 971), future installments could not be considered in determining whether the jurisdictional amount was involved, even though the judgment would be determinative of liability for future installments as they accrued. Wright v. Mutual Life Ins. Co., 5 Cir., 19 F.2d 117, affirmed 276 U.S. 602, 48 S.Ct., 323, 72 L.Ed. 726. Cf. Button v. Mutual Life Ins. Co., D.C., 48 F.Supp. 168." ·

 That the declaratory judgment procedure does not increase the jurisdiction of this court is expressed thus in Bender's Federal Practice Manual, Rule 57, at page 348,

"Jurisdiction of the courts over causes is not affected or increased by the Declaratory Judgments Act [28 U.S.C.A. §§ 2201, 2202]. The Act is procedural, and merely grants authority to courts to use a new remedy."

Accordingly, the amount in controversy being less than the jurisdictional minimum of $3,000.00, the motion to dismiss must be granted. Such an order is being entered simultaneously herewith.

Order Granting Motion to Dismiss

In accordance with the foregoing opinion,

It is hereby ordered that the defendant's motion to dismiss be granted for the reason that the jurisdictional minimum of $3,000.00 is not involved, and the case is accordingly dismissed. ·