## CAPPS v. NEW JELLICO COAL CO.
### No. 1134.

United States District Court
E. D. Tennessee, N. D.

Jan. 5, 1950.

Harry B. Brown, Jellico, Tenn., R. L. Brown, Williamsburg, Ky., for plaintiff.

Hodges & Doughty, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

Suit for benefits under the Workmen's Compensation Law of Tennessee was commenced in a state court and removed to this Court on grounds of diversity and jurisdictional amount. Plaintiff has moved to remand for the alleged reason that the amount in controversy does not exceed $3,000.00, exclusive of interest and costs.

Plaintiff was injured on or about May 5, 1947, while working for defendant in coal mining operations at Morley, Tennessee. He was paid compensation at the rate of $20.00 per week from the date of the accident and for a period of 36 weeks. Payments were then discontinued, the reason asserted being that plaintiff's disability had ended.

Plaintiff's original petition appears to have been drawn in a manner intended to prevent removal. It avers that in the accident plaintiff sustained serious and permanent injuries. It then recites: "Petitioner suffered abrasions to his left shoulder and a crushing type injury to his left chest. Several of his ribs were broken, and he was otherwise mashed, bruised, crushed and injured throughout his body. * * * Petitioner is advised by his physician, and on that information avers that he will be disabled the remainder of his life as to ability to carry on a gainful occupation."

In a later paragraph of the petition appears the following: "Petitioner, however, has made some slight improvement in his physical condition, and while he has been totally disabled up to this time he is advised that he will not remain totally disabled the remainder of his life, although he is advised that he will be permanently disabled to some extent."

Item 3 of the prayer for relief reads: "That he recover from the defendant benefits under the Workmen's Compensation Laws of the State of Tennessee for disability resulting from said accidental injuries set forth in the petition, during his period of disability, not, however, exceed-

ing Three Thousand ($3,000.00) Dollars exclusive of interest and costs."

 In some situations a plaintiff may sue for a liquidated sum less than $3,000.00 and prevent removal, though under the contract in suit it appears that he might have recovered more than $3,000.00. Brady v. Indemnity Ins. Co. of North America, 6 Cir., 68 F.2d 302; Woods v. Massachusetts Protective Ass'n, D.C., 34 F.2d 501; St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 294, 58 S.Ct. 586, 82 L.Ed. 845. But if it appears from the complaint that the value of the matter in controversy exceeds $3,000.00, the jurisdictional amount is present, though plaintiff prays for judgment of "no more than $3,000.00." Harrison v. Grandison Co., D.C., 34 F.Supp. 356.

In the absence of statutory restrictions against reduction of compensation benefits, see sections 6867 and 6890, 1934 Code of Tennessee, under the holding of the Brady case, supra, the plaintiff could have prevented removal by suing for a liquidated sum less than $3,000.00. It is conceivable that, even under the statute with its restrictions, he might have alleged a definite percent of disability and thus limited his recovery to a liquidated sum less than $3,000.00. But under the rule of the Harrison case, supra, which this Court deems to be sound law, he cannot, where the value of the matter in controversy exceeds $3,000.00, prevent removal by praying judgment for an indefinite sum, not, however, exceeding $3,000.00.

 The value of the matter in controversy here is what the compensation statute allows. The suggestion in the original petition that plaintiff's injury may prove to be not so bad as it seems, does not erase the allegation elsewhere that "he will be disabled the remainder of his life as to ability to carry on a gainful occupation." The petition would leave the impression that plaintiff's actual recovery will be less than $3,000.00, but at the same time it does not show a purpose to foreclose him from proving total permanent disability when the case is tried. Here the attempted limitation upon recovery as a sum not exceeding

$3,000.00, being contrary to both the letter and the spirit of the compensation law, must be regarded as a nullity, whereas allegation of permanent total disability and a prayer for the statutory compensation benefits are in harmony with the law and are determinative of the value of the matter in controversy. As benefits for permanent total disability would in the aggregate be well over $3,000.00, the jurisdictional amount is present. When in the light of the compensation statute the jurisdictional amount is found to be in controversy, possibility under the statute of its reduction by subsequent events does not destroy removability. Flowers v. Ætna Casualty & Surety Co. et al, 330 U.S. 464, 67 S.Ct. 798, 91 L.Ed. 1024.

Let an order be prepared, therefore, denying the motion to remand.