**GRIFFITH**

v.

**ALABAMA BY-PRODUCTS CORP.**

Civ. No. 720.

United States District Court,
N. D. Alabama, Jasper Division.
April 21, 1954.

Tweedy & Beech, Jasper, Ala., for plaintiff.

Bankhead & Petree, Jasper, Ala., for defendant.

GROOMS, District Judge.

This is a suit under Article 2A of the Alabama Workmen's Compensation Act. Title 26, Sections 313(1) to 313 (16), Alabama Code of 1940, as amended. It was instituted in the Circuit Court of Walker County, Alabama, and removed to this court. Plaintiff has moved to remand the case, alleging that the amount in controversy does not exceed $3,000, exclusive of interest and costs.

Plaintiff is a coal miner, and avers that at the time of the accident his average weekly earnings were $80, that he was totally and permanently disabled as a result of an accident arising out of and in the course of his employment,

and prays that the court grant "him such relief and compensation as he may be entitled to in the premises and that the amount of compensation be fixed as provided by law." The concluding paragraph of his prayer reads as follows: "Only $3,000 is claimed in this suit and all amounts above $3,000 is hereby waived."

Plaintiff contends that by virtue of the waiver contained in his petition the requisite jurisdictional amount is lacking. Defendant contends that in determining jurisdictional amount other averments of the petition must be considered and when so considered, the petition reveals that the attempted waiver is ineffective. To resolve this question, resort to the Alabama Workmen's Compensation Act must be had.

Title 26, Section 278, Code of Alabama of 1940, as amended, provides in part as follows:

"The interested parties shall have the right to settle all matters of compensation and all questions arising hereunder between themselves, and every settlement made hereunder *shall be in amount the same as the amounts or benefits stipulated in this. article. No settlement for an amount less than the amounts or benefits stipulated in this article shall be valid for any purpose unless a judge of the circuit court * * * determines that it. is for the best interest of the employee or his dependents to accept a lesser sum and approves such settlement."* (Emphasis supplied.)

Section 299, regulating lump sum payments, requires approval of the court in such instances and provides that

"In making such commutations, the lump sum payment shall, in the aggregate, amount to a sum equal to the present value of all future installments of compensation calculated on a four percent basis."

Section 302, subd. B prohibits an assignment of a compensation claim or award and makes the same exempt from seizure, or sale, or garnishment for the payment of any debt or liability. It also prohibits the waiver of such exemption. Section 325 subjects the assignee of any such claim or award to criminal penalties.

It is seen from the foregoing provisions of the Act that any proposed settlement must be in the amount or benefits stipulated in the Act. Lump sum settlements must equal the present value of all future installments. An assignment of a claim or an award is prohibited, is exempt from seizure or garnishment, and this exemption cannot be waived.

Under the petition as now drafted plaintiff is not foreclosed from proving permanent total disability. Under this petition he may be granted such compensation as he may be legally entitled to under the Alabama Act. With an average weekly earnings of $80, plaintiff, if totally and permanently disabled as averred, would be entitled to recover a minimum of $6,900.

If the plaintiff is prohibited from concluding a settlement of his claim with his employer for less than the benefits stipulated in the Act, it would seem clear that he could not, ex parte, waive such benefits. The attempted waiver, in my opinion, is contrary to the letter and spirit of the Alabama Workmen's Compensation Act. The court is not without authority in this regard. The case of Capps v. New Jellico Coal Co., D.C., 87 F.Supp. 369, is directly in point. See also 76 C.J.S., Removal of Causes, § 39, p. 946.

The court is of the opinion that the plaintiff's motion to remand should be overruled:

It is, therefore, Ordered, Adjudged and Decreed that the plaintiff's motion to remand this cause be and the same is hereby overruled.