**FOREST LABORATORIES, INC., a Wisconsin corporation, Plaintiff,**

v.

**LA MAUR, INC., a foreign corporation, Defendant.**

**No. 64-C-42.**

United States District Court
E. D. Wisconsin.

Jan. 5, 1965.

Herbert L. Usow, Milwaukee, Wis., for plaintiff.

Ben L. Chernov, Milwaukee, Wis., Leonard, Street & Deinard, Minneapolis, Minn., of counsel, for defendant.

GRUBB, District Judge.

This matter is before the court on plaintiff's motion to remand to state court for lack of jurisdictional amount and on defendant's motion to dismiss or, in the alternative, for change of venue.

### 1. Motion to Remand

Plaintiff initially commenced an action in state court based on breach of a distributorship contract in which it demanded relief in the amount of $50,000. After removal to this court, plaintiff voluntarily dismissed the complaint. It then commenced this action in state court, alleging wrongful termination of a distributorship contract and the sustaining of annual losses of earnings of $5,000 for each of three years, in a total amount of $15,000. Plaintiff requests money damages for breach of contract in the amount of $8,500 or reinstatement of the agreement.

Defendant contends that plaintiff's averments of its losses of annual earnings establish the requisite jurisdictional amount, notwithstanding the request for relief in an amount less than the jurisdictional requirement, since plaintiff's recovery is not limited to its prayer for relief under Rule 54(c), Federal Rules of Civil Procedure, and Section 270.57 of the Wisconsin Statutes. Further, defendant alleges in the removal petition that in the event plaintiff should recover on its claim for reinstatement of the agreement, defendant would be damaged in excess of $10,-000. Defendant's loss would arise from the necessary termination of presently maintained, prosperous arrangements with another distributor whose performance plaintiff would not be able to match.

The complaint in this case does not expressly set forth plaintiff's theory of recovery. Its counsel, on oral argument, interpreted the pleading as stating two causes of action: one, for damages for breach of contract, and another, for reinstatement. Both causes arise out of the allegedly wrongful termination of the agreement. Defendant's counsel did not dispute this construction of the pleadings.

■ As to the cause for damages for breach, plaintiff has limited its demand for relief to $8,500. Its allegations of *loss of earnings* in a total amount of $15,000 do not in themselves tend to justify a measure of damages for breach of contract in an equivalent amount. The face of the complaint does not clearly show that plaintiff would be entitled to recovery in an amount sufficient to meet the jurisdictional requirement if resort were had to its averments rather than the prayer for relief. Cf. Harrison v. Grandison Co., 34 F.Supp. 356 (E.D.La. 1940); Campbell v. Jordan, 73 F.Supp. 318 (E.D.S.C.1947). There is no public policy or state law that proscribes limitation of recovery in this case. Cf. Capps v. New Jellico Coal Co., 87 F.Supp. 369 (E.D.Tenn.1950); Griffith v. Alabama By-Products Corp., 120 F.Supp. 219 (N.D.Ala.1954). Under these circumstances there is no justification for disregarding the amount of relief requested in the cause for breach of contract for purposes of determining the jurisdictional amount. See Iowa Central Railway Company v. Bacon, Administrator of Lockhart, 236 U.S. 305, 35 S.Ct. 357, 59 L.Ed. 591 (1915); Brady v. Indemnity Ins. Co. of North America, 68 F.2d 302 (6th Cir. 1933).

■ Plaintiff has placed no value on its claim for reinstatement of the contract. Although claimed to state an additional cause of action, this claim arises out of the allegedly wrongful cancellation of the distributorship and does not constitute an independent cause, separate from that based on breach of the agreement. Assuming arguendo that the reinstatment claim were to satisfy the jurisdictional amount by resort to defendant's undisputed allegations of loss, there nevertheless is no right of removal since this cause is not independent of the claim failing to meet jurisdictional requirements. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951); Levitt v. Ford Motor Co., 215 F.Supp. 913 (E.D.N.Y.1963).

■ Defendant has failed to meet its burden of establishing the contested jurisdictional amount in this case. Accola v. Fletcher, 216 F.Supp. 202 (N.D. Iowa 1963); Lancer Industries, Inc. v. American Insurance Company, 197 F. Supp. 894 (W.D.La.1961). The motion

to remand must be and it is hereby granted.

Should plaintiff, on remand, avail itself of the provision of Section 270.57 of the Wisconsin Statutes in an attempt to secure recovery beyond the relief requested, the case may then become ripe for removal.

2. *Motion to Dismiss*

In view of the court's order granting the motion for remand of the case, defendant's motion to dismiss is hereby denied without prejudice.