**SOUTHEAST WINSTON RURAL WATER ASSOCIATION, Inc., Plaintiff,**

v.

**CITY OF LOUISVILLE et al., Defendants.**

**NORTHEAST WATER ASSOCIATION, Inc., Plaintiff,**

v.

**CITY OF LOUISVILLE et al., Defendants.**

**Nos. EC 6877, 6878.**

United States District Court
N. D. Mississippi, E. D.

June 30, 1969.

Thomas G. Lilly and James K. Child, Jr., of Wise, Carter & Child, Jackson, Miss., for plaintiffs.

Edward Prisock, J. Hoy Hathorn, Louisville, Miss., Floyd Cunningham, Booneville, Miss., for defendants.

H. M. Ray, U.S.Atty., Oxford, Miss., Stephan M. Truitt, Department of Justice, Washington, D. C., for intervenor.

## OPINION

ORMA R. SMITH, District Judge.

On December 5, 1968, two cases were filed with the court which involve similar issues of fact and law—Southeast Winston Rural Water Association, Inc. v. City of Louisville, et al, EC 6877–S, and Northeast Water Association, Inc. v. City of Louisville, et al, EC 6878–S. The cases were consolidated by order of the Court on February 28, 1969.

The pertinent facts as set forth by the pleadings are thus: On September 29, 1956, the City of Louisville, Mississippi, (hereinafter called City), filed a petition with the Mississippi Public Service Commission (hereinafter called Commission) seeking a Certificate of Public Convenience and Necessity (hereinafter called Certificate) to authorize it to render water service as a public utility in certain areas of the State of Mississippi. On September 23, 1957, the Commission issued an Order granting the said City a Certificate.

On February 8, 1965, and March 17, 1965, respectively, the Southeast Winston Rural Water Association, Inc. (hereinafter called Southeast), and the Northeast Water Association, Inc. (hereinafter called Northeast) made application to the Farmers Home Administration hereinafter called FHA) for financial assistance to construct a rural waterworks system in areas just outside Louisville, Mississippi. On August 30, 1965, and October 7, 1965, respectively, Southeast and Northeast were granted charters as non-profit, non-share corporations pursuant to the provisions of § 5310.1 Miss.Code Ann. (1942).

On October 22, 1965, the Mississippi State Board of Health approved Southeast's proposed rural water system; Northeast's proposed system was approved on October 28, 1966.

Southeast obtained a resolution from the City on November 22, 1965, releasing to Southeast the area previously Certificated to the City which Southeast proposed to serve. The City joined in the request of Southeast for a Certificate from the Commission. Northeast obtained a similar resolution on July 14, 1966.

On November 29, 1965, Southeast filed a petition with the Commission requesting a Certificate of Convenience and Necessity; Northeast filed a similar petition on August 4, 1966. The Commission granted Southeast its Certificate on December 10, 1965, and granted the

Certificate to Northeast on October 11, 1966.

FHA approved a loan of $180,000.00 to Southeast on November 9, 1965, which was obtained on November 23, 1965. A similar loan was approved to Northeast of $158,000.00 on December 20, 1966, which was obtained on March 8, 1967.

On May 20, 1966, the City adopted an ordinance extending the city limits approximately one mile in each direction. The extension supposedly includes some territory which was released by the City to Northeast and Southeast, and which was Certificated by the Commission to Northeast and Southeast. The extension of the city limits was approved by the Chancery Court of Winston County on August 13, 1966. An appeal was taken to the Mississippi Supreme Court but the appeal was dismissed on joint motion of the attorneys as being settled between the parties on February 3, 1967.

On or about June 23, 1967, the City notified the FHA that it intended to provide water service within the territory which is supposedly Certificated to Southeast and Northeast.

Out of these facts the present causes were initiated on December 5, 1968. On December 30, 1968, a Motion To Dismiss For Lack Of Jurisdiction Over The Subject Matter; Lack Of Jurisdiction Over The Person; and For Failure To State A Claim Upon Which Relief Can Be Granted was filed in both causes. On January 7, 1969, the United States filed a Motion To Intervene As A Party Plaintiff in each cause, and on February 21, 1969, a Motion For Production Of Documents was filed by defendants in both causes.

The threshold question before the Court is whether or not the Court has jurisdiction to hear the consolidated causes. The plaintiffs assert two grounds for relief in each of the consolidated causes under 28 U.S.C. § 1331. The first is based on the allegation that the Certificates, which were granted to Southeast and Northeast, are franchises

from the State of Mississippi, which are valuable property rights and which are protected from impairment by the State through Article I, Section 10, of the Constitution of the United States and 7 U.S.C. § 1926(b),[1] in relief of which the plaintiffs ask that the defendants be permanently enjoined from constructing, maintaining, or operating a water system or furnishing water service in violation of the plaintiffs' rights within the Certificated area.

The second ground of relief is based on the theory that the acts of the defendants in unlawfully invading the plaintiffs' Certificated area effectually deprived the plaintiffs of valuable property rights without due process of law and without being compensated in violation of the Fourteenth Amendment of the Constitution of the United States and Section 17 of the Mississippi Constitution of 1890. The plaintiffs ask that if the Court does not grant the relief sought on the first ground, that the Court grant relief of money damages on the second ground.

■■ Thus both grounds, supporting each cause of action, involve federal questions. There is no doubt but that the complaint of each is drawn so as to claim rights arising under the Constitution and laws of the United States.[2]

---

1. 7 U.S.C. § 1926(b).
   "(b) The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan; nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license, or permit as a condition to continuing to serve the area served by the association at the time of the occurrence of such event."

2. "Before deciding that there is no jurisdiction, the District Court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States. For to that extent 'the party who brings a suit is master to decide what law he will rely upon, and * * * does determine whether he will bring a "suit arising under" the * * * [Constitution or laws] of the United States by his declaration or bill.' The Fair v. Kohler Die & Speciality Co., 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716. Though the mere failure to set out the federal or constitutional claims as specifically as petitioners have done would not always be conclusive against the party bringing the suit, where the complaint, as here, is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions later noted, must entertain the suit. Thus allegations far less specific than the ones in the complaint before us have been held adequate to show that the matter in controversy arose under the Constitution of the United States. Wiley v. Sinkler, 179 U.S. 58, 64–65, 21 S.Ct. 17, 45 L.Ed. 84; Swafford v. Templeton, 185 U.S. 487, 491–492, 22 S.Ct. 783, 46 L.Ed. 1005. The reason for this is that the court must assume jurisdiction to decide whether the allegations state a cause of action on which the court can grant relief as well as to determine issues of fact arising in the controversy.

   Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction. Swafford v. Templeton, 185 U.S. 487, 493, 494, 22 S.Ct. 783, 46 L.Ed. 1005; Binderup v. Pathe Exchange, 263 U.S. 291, 305–308, 44 S.Ct. 96, 68 L.Ed. 308. The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction

Each complaint raises serious questions of law and fact, in which the interpretation of federal law appears to be a substantial factor. The fact that there may be a question of state law does not defeat the jurisdiction of the Court. Once it is established that there is a substantial question of federal law under 28 U.S.C. § 1331, then the federal court will determine the entire controversy, for the jurisdiction of the Court is based on "cases" rather than on "questions". For a court of original jurisdiction cannot function unless it has power to decide all questions which a case may present.[3]

■ The defendants assert that the plaintiffs have an adequate remedy before the Commission and in the state courts. Section 7716–30 of Miss.Code Ann. (1942) does provide "The Commission may apply to the Chancery Court, First Judicial District of Hinds County, Mississippi, for enforcement by mandamus, injunction or other appropriate remedy, of any order of the Commission". Yet the existence of an alternative remedy in the state courts is no basis for a federal court to deny jurisdiction.[4] The state courts could not give a definitive interpretation of the federal questions involved, and as the defendants assert in their brief, (Page 12) "There are also numerous Mississippi Supreme Court decisions, construing kindred controversies, mostly between franchise holders for the municipalities involved and the associations operating in the proximity of the municipalities". Thus there is a body of state law from which the Court can make an interpretation and decision of any questions of state law.

It is important that the issues in each of the consolidated causes do not involve the formulation of a complicated rate base or rate schedule for which the State Administrative Agency undoubtedly has a special expertise. Rather the issues, as set forth in the pleadings involve the force and effect of a certificate issued by a State Administrative Agency to two non-profit corporations which were organized under a specific federal act, and for which there is a specific federal statute of a protective nature. The thrust of 7 U.S.C. § 1926(b) is aimed directly at actions by municipal corporations. Therefore, even though the plaintiffs could have repaired to the state courts to assert the state and federal issues, they had the right to choose the federal forum instead. Since the federal question is substantial, the federal court should retain jurisdiction.

■ The defendants also allege that each complaint does not set forth any facts which show the minimum jurisdictional amount, yet Southeast seeks an injunction to protect the rural water system valued at $167,800.00 (Page 8 of Complaint), and in the alternative seeks damages of $250,000.00. Northeast seeks an injunction to protect the water system valued at $141,805.00 (Page 9 of Complaint) and in the alternative seeks damages of $200,000.00. Clearly the allegations of each complaint are sufficient to satisfy the standards applied to the federal jurisdictional amount.[5]

The Motion to Dismiss filed in each action states that the Court does not have jurisdiction over the parties to grant the relief sought. Yet as stated in

or where such a claim is wholly insubstantial and frivolous. The accuracy of calling these dismissals jurisdictional has been questioned. The Fair v. Kohler Die & Specialty Co., supra, 228 U.S. at 25, 33 S.Ct. 410. But cf. Swafford v. Templeton, supra." Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939, 1946.

3. C. Wright, Law of Federal Courts, § 19, 1963.

4. McGuire v. Sadler, 337 F.2d 902, 5 Cir. 1964.

5. Aetna Casualty & Surety Co. et al. v. Flowers, 330 U.S. 464, 67 S.Ct. 798, 91 L.Ed. 1024, 1947; Hedberg v. State Farm Mutual Automobile Ins. Co., 350 F.2d 924, 8 Cir. 1965; Olan Mills, Inc. of Tenn. v. Enterprise Publishing Co. et al., 210 F.2d 895, 5 Cir. 1954.

McGuire v. Sadler, 337 F.2d at 906, 5 Cir. 1964 \* \* \* "[A] suit against a state officer for injunctive relief is regarded as a private suit, if the threatened *action constitutes a deprivation of the plaintiff's basic federal constitutional rights*".

■ Having determined that the Court has jurisdiction, the next consideration is whether each complaint states a cause of action. The landmark case on this point is Conley et al. v. Gibson, 355 U.S. 41 at 45, 78 S.Ct. 99, 2 L.Ed.2d 80, 1957, wherein the Supreme Court sets forth the following tests to be used in appraising the sufficiency of a complaint: "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". The Fifth Circuit has set forth that a complaint should be dismissed for failure to state a cause of action only when it is "manifestly clear that the facts alleged will support no actionable claim." [6] Each complaint states that the respective plaintiffs went through all of the necessary legal and administrative procedures to organize and place in operation the two water associations. The complaints further allege that the City is expanding its water services in violation of a specific federal statute, federal constitutional provisions, and basic principles of equity. On the facts and allegations as set forth in each complaint, the Court cannot say that the plaintiffs can prove no set of facts which would entitle them to relief.

■ The motions to intervene and the complaints of intervention of the United States were filed in each case on January 7, 1969, 33 days after the original complaints were filed. The United States seeks injunctive relief to prevent the city from attempting to offer water services to residents of the disputed area. The Government relies on 7 U.S.C. § 1926 (b) which statute is administered by the Farmers Home Administration, an agency of the United States. On Page 5 of the Government's brief of intervention, the United States set forth the interest it is attempting to protect. "The plaintiff seeks to protect its commercial integrity whereas the United States is suing to stop the city from interfering with the congressionally declared policy of making water service available to rural residents." If the Court allows the intervention, it will cause no further delay of the action. It appears to the Court that the intervenors may intervene of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure in that the disposition of the controversy may impair or impede the ability of the United States to protect its interest.[7]

Finally, the Court is faced with the Motions For Production of Documents which were filed in each case on February 21, 1969. Objections were filed to the said motions on February 25, 1969, and the Motions To Dismiss and Motions To Intervene of the said actions were argued orally on Motions Day, February 26, 1969. There was some confusion in the minds of the parties as to whether the Motions For Production Of Documents were to be considered by the Court on that date. Therefore, the Court will set the motions for a Motions Day in the immediate future and allow the parties time to submit any further affidavits, or other proof, and request oral argument if they so desire.

An Order will be entered in accordance with the conclusions and decisions set forth in this opinion.

6. Dailey v. Quality School Plan, Inc., 380 F.2d 484, at 486, 5 Cir. 1967.

7. Atlantis Development Corp., Ltd. v. United States of America et al., 379 F.2d 818, 5 Cir. 1967; Nuesse v. Camp et al., 128 U.S.App.D.C. 172, 385 F.2d 694 1967.