*916 ORDER DENYING EMERGENCY MOTION FOR STAY OF JUDGMENT PENDING APPEAL AND MOTION FOR RECALL OR STAY OF MANDATE PENDING APPEAL
BOULDEN, Bankruptcy Judge.
The matter before the Court is the Appellants’ Emergency Motion for Stay of Judgment Pending Appeal (Stay Motion) and Motion for Recall or Stay of Mandate Pending Appeal (Reeall Motion) (collectively, the Motions). The Appellee opposes the Motions. The Appellants have filed an Application for Leave to File Reply to Appellee’s Objection to Appellants’ Emergency Motion (Application for Leave to Reply), together with a proposed reply. After review of the entire record in this case and the applicable law, which is discussed below, we conclude that the Application for Leave to Reply should be granted, but that the Motions should be denied.
On June 4, 1998, the Court filed an opinion affirming a judgment of the United States Bankruptcy Court for the Western District of Oklahoma in favor of the Appellee in the total amount of $146,282.00, plus costs and interest at the rate of 5.49% annually. On June 22, 1998, pursuant to 10th Cir. BAP L.R. 8016-3(a), the Court issued a mandate in this case. The mandate was received by the bankruptcy court on June 25,1998, and it was filed in the records of that court. On June 26, 1998, the Appellants filed their Motions, seeking to reeall or stay the .mandate and for a stay pending appeal. At the time the Motions were filed the Appellants had not yet filed a notice of appeal from this Court’s decision with the United States Court of Appeals for the Tenth Circuit, but they stated in their Motions that they intended to do so in accordance with the time limitations set forth in Fed. R.App. P. 4. On July 2, 1998, the Appellants filed a notice of appeal from this Court’s decision with the Tenth Circuit, and also filed the Application for Leave to Reply with this Court.[1]
The local rules of this Court provide that “[t]he mandate of the court must issue 7 days after the expiration of the time for filing a motion for rehearing unless such a motion is filed or the time is shortened or enlarged by order.” 10th Cir. BAP L.R. 8016-3(a).[2] It follows that to stay the issuance of the mandate, one must file a motion to do so prior to its issuance under Rule 8016-3(a). See 10th Cir. BAP L.R. 8016-3(b) (governing motions for stay of mandate pending appeal).[3]
*917 In the present case, it is impossible to stay the issuance of the mandate because it was properly issued by the Court under Rule 8016-3(a) prior to the filing of the Motions, and the mandate does not indicate that the Court intended to retain jurisdiction over the matter. See, e.g., United States v. Jacobson, 15 F.3d 19, 22 (2d Cir.1994) (appellate court may retain jurisdiction to insure compliance with its mandate). In light of this fact, the Court no longer has jurisdiction over this appeal, unless the mandate is recalled by the Court as requested by the Appellants. See, e.g., United States v. Salameh, 84 F.3d 47, 50-51 (2d Cir.1996) (the effect of the mandate is to remove a case from the jurisdiction of the appellate court, and jurisdiction may only be restored by recalling the mandate); United States v. Rivera, 844 F.2d 916, 920 (2d Cir.1988) (jurisdiction follows the mandate); Deering Milliken, Inc. v. Federal Trade Comm., 647 F.2d 1124, 1129 (D.C.Cir.1980) (appellate court retains jurisdiction until mandate is issued); 20 Moore’s Fed. P. §§ 341.02 & 341.12[2] (3rd ed.1997) (mandate returns jurisdiction to the trial court) (citing numerous eases) [hereinafter Moore’s Fed. P.]; see also James Barlow Family Ltd. Partnership v. Munson, 132 F.3d 1316 (10th Cir.1997) (the court treated a motion to clarify an order and opinion as a motion to recall the mandate because the mandate had been issued prior to the filing of the motion to clarify), cert. denied, — U.S. -, 118 S.Ct. 1364, 140 L.Ed.2d 513 (1998).
There is no rule of procedure governing recalling or vacating a mandate once it has been issued. Recently however, the Supreme Court stated that—
[T]he courts of appeals are recognized to have an inherent power to recall their mandates, subject to review for an abuse of discretion. In light of “the profound interests in repose” attaching to the mandate of a court of appeals, however, the power can be exercised only in extraordinary circumstances. The sparing use of the power demonstrates it is one of last resort, to be held in reserve against grave, unforeseen contingencies.
Calderon v. Thompson, — U.S.-,-, 118 S.Ct. 1489, 1498, 140 L.Ed.2d 728 (1998) (quoting 16 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3938, p. 712 (2d ed.1996)); see also Hawaii Housing Authority v. Midkiff, 463 U.S. 1323, 1324, 104 S.Ct. 7, 77 L.Ed.2d 1426 (1983) (Rehnquist, J., in chambers) (“Although recalling the mandate is an extraordinary remedy, I think it probably lies within the inherent power of the Court of Appeals.... ”). Prior to Calderon, the Tenth Circuit similarly held that—
In this circuit, as in all circuits that have addressed the issue, “an appellate court has the power to set aside at any time a mandate that was procured by fraud or act to prevent an injustice, or to preserve the integrity of the judicial process.” Although the rule is stated in broad terms, the appellate courts have emphasized that the power to recall or modify a mandate is limited and should be exercised only in extraordinary circumstances. The limited nature of this power is a reflection of the importance of finality: once the parties are afforded a full and fair opportunity to litigate, the controversy must come to an end and courts must be able to clear their dockets of decided cases.
Ute Indian Tribe v. Utah, 114 F.3d 1513, 1522 (10th Cir.1997), cert. denied, — U.S. -, 118 S.Ct. 1034, 140 L.Ed.2d 101 (1998) (quoting Coleman v. Turpen, 827 F.2d 667, 671 (10th Cir.1987)) (citations omitted); see Moore’s Fed. P. § 341.15[1] (citing numerous cases articulating this rule). The Tenth Circuit has also stated that it has “inherent authority to recall the mandate for the purpose of clarifying an ambiguous prior order of the court.” James Barlow, 132 F.3d at 1316; see Calderon, — U.S. at -, 118 S.Ct. at 1501 (recognizing that a party can have no interest in preserving a mandate not *918 in accordance with the actual decision rendered by the court).
The ease at hand does not present any extraordinary circumstances that would justify recalling the mandate, nor have the Appellants asked the Court to clarify an ambiguous prior order. Rather, the Appellants request that the mandate be recalled so as restore the Court’s jurisdiction to allow it to enter a stay pending appeal under Fed. R. Bankr.P. 8017.[4] Given the facts in this case, such a request does not merit recalling the mandate. Indeed, the Appellants are not without remedy as they may seek a stay pending appeal from the Tenth Circuit pursuant to Fed. R.App. P. 8.
Accordingly, it is HEREBY ORDERED that:
(1) The Application for Leave to Reply is GRANTED;
(2) The Recall Motion is DENIED; and
(3) The Stay Motion is DENIED.

.The fact that the Appellants filed the Stay Motion prior to the filing of a notice of appeal with the Tenth Circuit, does not make the Stay Motion invalid. Fed. R. Bankr.P. 8017 anticipates that motions for stay pending appeal may be filed prior the actual filing of an appeal. Fed. R. Bankr.P. 8017(b) ("If before the expiration of a stay entered pursuant to this subdivision there is an appeal to the court of appeals by the party who obtained the stay, the stay shall continue until final disposition by the court of appeals.”). There is a split of authority, which has not been addressed by the Tenth Circuit, as to whether a lower court has jurisdiction to consider a motion for stay once a notice of appeal to a circuit court of appeals has been filed. See In re One Westminister Co., 74 B.R. 37, 38 (D.Del.1987) (district court no longer had jurisdiction to issue a stay once the notice of appeal was filed); but see Miranne v. First Fin. Bank (In re Miranne), 852 F.2d 805, 806 (5th Cir.1988) (district court has jurisdiction to consider stay motion even after notice of appeal is filed); accord City of Olathe v. KAR Development Assocs. (In re KAR Development Assocs.), 182 B.R. 870, 872 (D.Kan.1995); In re Winslow, 123 B.R. 647, 647-48 n. 1 (D.Colo.1991). This issue is not before the Court as the Appellants had not filed a notice of appeal at the time that the Stay Motion was filed, and based on the ruling herein, we need not address this issue.

. Absent an order otherwise, a motion for rehearing must be filed within 10 after entry of the Court’s judgment. Fed. R. Bankr.P. 8015.

. The issuance of a mandate by a federal court of appeals, due to the absence of a motion for stay of the mandate under Fed.R.App. P. 41(b) or the denial of such a motion, does not defeat the right to petition the Supreme Court for writ of certio-rari. See United States v. Villamonte-Marquez, 462 U.S. 579, 581 n. 2, 103 S.Ct. 2573, 77 L.Ed.2d 22 (1983); Aetna Casualty & Sur. Co. v. Flowers, 330 U.S. 464, 467, 67 S.Ct. 798, 91 L.Ed. 1024 (1947); 17 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4036 at 19 (2d ed.1996). Rather, the Supreme Court, not the lower appellate court, recalls and stays the mandate pending its disposition of the petition. See, e.g., Illinois Department of Corrections v. Flowers, 505 U.S. 1239, 113 S.Ct. 13, 120 L.Ed.2d 941 (1992); Fluent v. Salamanca Indian Lease Authority, 500 U.S. 902, 111 S.Ct. 1678, 114 L.Ed.2d 74 (1991); *917 International Primate Protection League v. Administrators of Tulane Educational Fund, 499 U.S. 955, 111 S.Ct. 1575, 113 L.Ed.2d 641 (1991). Typically, the Court's order recalling and staying the mandate of a court of appeals provides that if the petition is denied the stay terminates automatically, but if the petition is granted the stay continues pending the judgment of the Court. See, e.g., Flowers, 113 S.Ct. at 13. Similarly, the Appellants failure to obtain a stay of the mandate under 10th Cir. BAP L.R. 8016-3(b) does not affect their ability to appeal.

. A stay of the mandate under 10th Cir.BAP L.R. 8016-3(b) is different than a stay pending appeal under Fed. R. Bankr.P. 8017. A stay of the mandate maintains an appellate court's jurisdiction over the case. But, it does not stay the operation and enforcement of the judgment appealed. See Deering Milliken, 647 F.2d at 1129 (recognizing this distinction); see also Hovey v. McDonald, 109 U.S. 150, 161, 3 S.Ct. 136, 27 L.Ed. 888 (1883) ("an appeal from a decree granting, refusing or dissolving an injunction does not disturb its operative effects” absent a stay pending appeal).