THE SHORT-CONRAD COMPANY, Respondent, vs. SCHOOL DISTRICT OF EAU CLAIRE, Appellant.

*November 24 — December 15, 1896.*

*Construction of statutes: Appropriation of money by school district board: Vote authorizing contract: By-law diminishing power of corporation.*

1. A vote of the board of education of Eau Claire authorizing a contract for putting in telethermometers in a school building is not an appropriation, salary, or estimate within the meaning of the city charter (sec. 9, subch. X, ch. 184, Laws of 1889), providing that "all appropriations, salaries, and estimates for defraying current expenses by said board shall require a two-thirds vote of all

The Short-Conrad Co. vs. School District of Eau Claire.

the members of the board of education;" nor within the meaning of a by-law of the board providing that "no vote involving the appropriation of money shall be carried unless there shall be a two-thirds vote of all the members in the affirmative."

2. The board of education in such case could not enlarge, diminish, or vary its powers by the adoption of a by-law requiring appropriations to be carried by a two-thirds vote.

APPEAL from a judgment of the circuit court for Eau Claire county: W. F BAILEY, Circuit Judge. *Affirmed.*

The case is stated in the opinion.

*Jos. W. Singleton,* for the appellant.

For the respondent there was a brief by *Geo. C. & Fred A. Teall,* and oral argument by *Fred A. Teall.*

CASSODAY, C. J. This action is brought upon a written contract signed by the plaintiff and the president and secretary of the defendant, March 20, 1894, to recover $200, as the agreed price therein, for erecting and constructing eight several telethermometers in certain school buildings described, in the district. The only defense relied upon is to the effect that such president and secretary had no legal authority to sign the contract. At the close of the trial, the court directed a verdict in favor of the plaintiff for the amount claimed, and from the judgment entered thereon accordingly, the defendant brings this appeal.

The charter of the city under which the defendant was acting provides that "all appropriations, salaries, and estimates for defraying current expenses made by said board shall require a two-thirds vote of all the members of the board of education." Laws 1889, ch. 184, subch. X, sec. 9. Moreover, the board is authorized by the charter "to purchase . . . apparatus, furniture and books for pupils." Id. subch. X, sec. 7, subd. 3. But it is conceded that such board consisted of eight members; that, at the time the contract was made, only five of such members were present and voted to authorize such contract. We are clearly of

the opinion that the making of such contract was not an appropriation, salary, or estimate, within the meaning of the provision of the charter quoted. True, the charter empowered the board "to adopt a code of rules and by-laws for its own government." Subch. X, sec. 16. Under this provision, it is contended that the board further limited its powers by the passage of a by-law or rule to the effect "that no vote involving the appropriation of money shall be carried unless there shall be a two-thirds vote of all the members in the affirmative;" and by another rule, "that these rules may hereafter be rescinded, changed or suspended by a two-thirds vote of all the members." We do not think that the vote authorizing the contract in question necessarily involved an appropriation of money. Besides, it is well settled that, "since all the powers of a corporation are derived from the law and its charter, it is evident that no ordinance or by-law of a corporation can enlarge, *diminish*, or vary its powers." 1 Dillon, Mun. Corp. (4th ed.), § 317. Thus, in *Heiskell v. Baltimore*, 65 Md. 125, it is held that, "in authorizing the city council of Baltimore to 'settle their rules of procedure,' the legislature did not confer on the council the power to declare by rule what number of their body should constitute a quorum for the transaction of business. . . . A mere majority of the members elected being present, the acts of the city council of Baltimore are valid, notwithstanding the existence of a rule adopted by the council requiring that two thirds of the members elected shall be necessary to constitute a quorum. A municipal corporation cannot, by a rule made by itself, either enlarge or diminish its own powers." To the same effect, *Barnert v. Paterson*, 48 N. J. Law, 395; *Thompson v. Roe*, 22 How. 422.

*By the Court.*— The judgment of the circuit court is affirmed.