VAICELUNAS, Appellant, v. FECHNER and others,
Respondents.

*March 3—April 7, 1959.*

For the appellant there were briefs by *Shearer & Shearer* of Kenosha, and oral argument by *Conrad J. Shearer*.

For the respondents there was a brief and oral argument by *K. Thomas Savage* of Kenosha.

BROADFOOT, J. Before the trial court the plaintiff argued that the amending ordinance did in fact pass on December 2, 1957, because a majority of the council voted for it and sec. 64.07 (3), Stats., provided that a majority vote of all the members of the council shall be necessary to adopt any ordinance or resolution. The plaintiff further argued that the provision of sec. 24 of the Kenosha zoning ordinance requiring a three-fourths majority vote to adopt an amendment to the zoning ordinance in cases where the proposed amendment is disapproved by the city plan commission is in conflict with the provisions of sec. 62.23 (7) authorizing cities to adopt zoning ordinances.

The trial court stated that the word "majority" means the greater number or more than half but that word as used in sec. 64.07 (3), Stats., did not define the limitations of the majority. Therefore the zoning ordinance did not conflict with the statute.

The statute establishes a minimum and the council could, under certain circumstances, require a larger majority vote. The trial court cited the case of *Fox v. Racine*, 225 Wis. 542, 275 N. W. 513, which held that where the state, in the exercise of the police power, has made certain regulations, a municipality may exact additional requirements so long as there is no conflict between the two. The *Fox Case* has been cited with approval in *La Crosse Rendering Works v. La Crosse*, 231 Wis. 438, 285 N. W. 393, and in *Jefferson County v. Timmel*, 261 Wis. 39, 51 N. W. (2d) 518.

In applying that principle to the present case the trial court held that the use of the word "majority" in the statute is not contradicted by the use of the words "three-fourths majority" in the ordinance, and that the two may stand side by side without any inconsistency.

Sec. 62.23 (7), Stats., nowhere prohibits the provision of sec. 24 of the zoning ordinance. It is merely silent on the subject. Sec. 62.04 provides that for the purpose of giving to

cities the largest measure of self-government compatible with the constitution and general law it is declared that secs. 62.01 to 62.26, inclusive, shall be liberally construed in favor of the rights, powers, and privileges of cities to promote the general welfare, peace, good order, and prosperity of the cities and the inhabitants thereof. Sec. 62.11 (5) gives to cities in general language the management and control of the city's affairs, which powers are only to be limited by express language in the statutes.

Accordingly, we agree with the determination of the trial court that there is no conflict between the zoning ordinance and the state statutes.

The trial court further held that city councils may set up rules of procedure for their own government and cited *Swindell v. State ex. rel. Maxcy,* 143 Ind. 153, 42 N. E. 528. That case dealt with rules of procedure adopted by ordinance. The plaintiff now cites *Short-Conrad Co. v. School Dist.* 94 Wis. 535, 69 N. W. 337, on the effect of a rule of the school board.

We cannot see that the provision in sec. 24 of the zoning ordinance was a rule of procedure by the city council. It was one provision in a comprehensive zoning ordinance. Hence no discussion of the effect of rules of procedure adopted by a legislative body is required.

*By the Court.*—Judgment affirmed.