KEHOE, Judge.
Appellants, plaintiffs below, bring this appeal from a final summary judgment dated October 4, 1977, entered by the trial court in favor of appellee, defendant below. We reverse.
The facts in this appeal are not in dispute, and they may be summarized as follows:
Appellants, Mr. and Mrs. Edward King, have lived in Dade County for over 40 years and were the owners of the advertising specialties business known as The King Co., 310 Alhambra Circle, Coral Gables, Florida, until their retirement from business in 1972. They presently reside at 1321 Blue Road, Coral Gables, Florida.
Appellants are the fee simple owners, since August 1975, of certain real estate known as Lots 69, 70 and 71, in Block 57, of RIVIERA SECTION, Coral Gables, Florida, commonly referred to as 1252 Blue Road. The property has a frontage of 150 feet and consists of three contiguous lots, each with a dimension of 50 feet by 130 feet. At the time appellants purchased the property it was improved with a single family residential building consisting of 2,200 square feet and situated in the center of and on all three lots. The front of appellants’ property borders on Blue Road which is known as having heavy through traffic, while the rear of the property borders on Riviera Golf Course.
On January 10, 1976, while appellants were in the process of remodeling their home, it was completely destroyed by fire; subsequently, the entire building was razed. Since then, appellants’ property has consisted of an unimproved lot containing three 50-foot platted building lots.
*391 Appellants, desiring to reduce the maintenance of a large lot, wanted to rebuild and to place a home for themselves and one for their daughter on their three 50-foot platted building lots. They requested that the Building and Zoning Department of Coral Gables issue building permits enabling them to build two residences on their three lots, allowing one and one-half lots, each consisting of 75-foot frontage, for each of the residences. They planned to immediately build the one residence for themselves. The architectural drawings called for a two-story townhouse of Bermuda styling similar to others in the block. However, they were informed by officials in the Building and Zoning Department that the provisions of Section 8.02 of the Coral Gables Zoning Code, as amended by Ordinance No. 2058, prevented the City from issuing the building permits as requested by appellants and that they would be able to obtain a building permit to construct only one residence on their three 50-foot platted lots.
Ordinance No. 2058 provides, in pertinent part, as follows:
“ . . . no building or structure designed for ‘R’ ‘D’ or ‘A’ use shall be constructed or erected on a building site having a street frontage of less than 50 feet; nor shall more than one such building or structure be constructed or erected upon any one platted lot; provided, however, that wherever there may exist a single family residence building which was constructed on a building site containing two or more platted 50-foot lots, said building shall not henceforth be reduced or diminished in any manner and if said residence building is demolished or removed therefrom, no permit shall be issued for the construction of more than one residence building site.” [Emphasis added].
Because one single family residence had previously been constructed on appellants’ three 50-foot platted lots, they were told by officials in the Building and Zoning Department that Ordinance No. 2058 would prohibit them from building more than one residence. However, if no residence had previously been built on the same three lots, appellants would have been able to obtain a building permit for a single family residence on each of the three 50-foot platted lots.
Other lots bordering the golf course vary from 50-foot platted lots to 150-foot platted lots, and vary from duplex to residential zoning. On Blue Road the zoning is residential, but the frontage of the lots there also vary from 50-foot to 150-foot platted lots. Several homes on Blue Road, within the same block as appellants’ property, are built on lots with between 50- and 65-foot frontage. There are several vacant 50-foot platted lots around the golf course and on Blue Road within a half-mile radius of appellants’ property.
Appellants were instructed by the City of Coral Gables zoning officials to apply for a variance in order to obtain building permits to build more than one residence on their three 50-foot platted lots. The variance application was to build two houses, each on one and one-half lots, consisting of 75-foot frontage each. A variance was promptly applied for by appellants and denied by the Zoning Board, despite the fact that the Zoning Board found that there were home-sites of 50 feet in the same block as appellants’ property, and some of 62 feet and 65 feet.
Mrs. King had spoken to the neighbors on both sides and none of them had any objection to the division of the property. Over 70 nearby property owners signed a Waiver of Objection to the granting of the variance. Less than ten property owners in the neighborhood objected to the variance being granted. The immediate neighbors of the appellants did not object.
It is not disputed that there are several 50-foot lots within a short distance of appellants’ lots, and that the Ordinance does not prohibit the building of a residence on each of those lots. Building permits for the building of residences on 50-foot lots have also been freely granted and building permits issued to property owners in the same neighborhood and in the near vicinity of appellants’ lots.
*392 An appeal was taken to the City Commission and the decision of the Zoning Board was affirmed. The Mayor, in considering the appeal, stated that the purpose of the Ordinance was to preserve the integrity of the neighborhood from speculators.
Thereafter, appellants filed a complaint for declaratory and injunctive relief, seeking to have the trial court declare Ordinance No. 2058 arbitrary and unconstitutional as applied to their property, and praying that the trial court restrain the City of Coral Gables from interfering with appellants’ reasonable use of their property. Subsequently, both appellants and appellee filed motions for summary judgment. The trial court denied appellants’ motion and granted appellee’s motion. From the final summary judgment entered by the trial court in favor of appellee, appellants appeal.
In their point on appeal, appellants attack, basically, the constitutionality of Ordinance No. 2058 as applied to their property. Appellants’ constitutional attack gives this court jurisdiction of their appeal; however, in our opinion, it is unnecessary for us to reach the constitutional questions raised. We believe that a reasonable interpretation of Ordinance No. 2058 shows that it is inapplicable to the facts of the instant case. The obvious intent of the Ordinance was to prevent developers, etc., from coming into Coral Gables, tearing down existing residences on large lots, and then building more residences on smaller lots. A careful reading of the Ordinance, shows that the reduction, diminution, demolishment, and removal referred to therein pertains to a voluntary or intentional reduction, diminution, demolishment or removal. In our opinion, the Ordinance does not contemplate and encompass the situation where, as in this case, there has been an involuntary and unintentional destruction of a residence by a casualty, i. e., a fire loss. The record reflects no evidence, whatsoever, that appellants were in any way responsible or at fault for the destruction of their residence. Under these circumstances, we hold that the trial court incorrectly applied the City of Coral Gables Ordinance No. 2058 to the facts of appellants’ cause. Accordingly, we reverse and remand the cause for further proceedings not inconsistent with this opinion.
Reversed and remanded.