376 So.2d 281 (1979)
CITY OF CORAL GABLES, Appellant,
v.
Jose PUIGGROS, Appellee.
No. 78-2240.
District Court of Appeal of Florida, Third District.
October 23, 1979.
Rehearing Denied November 16, 1979.
*282 L. Richard Mattaway; Podhurst, Orseck & Parks and Joel D. Eaton, Miami, for appellant.
Francis J. McGee, Coral Gables, for appellee.
Before PEARSON, HENDRY and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The city of Coral Gables appeals from a final summary judgment holding that it was equitably estopped to deny the appellee Puiggros, who was the plaintiff below, the right to erect a separate residential structure on a specific lot  Lot 27, Block 17  on Alhambra Circle in the city. The dispute between the parties centers upon the application to the Puiggros property of § 8.02 of the city zoning code, which this court considered in King v. City of Coral Gables, 363 So.2d 389 (Fla.3d DCA 1978), cert. denied, 370 So.2d 458 (Fla. 1979). Under this ordinance, one may construct a single family residence on any platted lot with a 50-foot frontage,
provided, however, that wherever there may exist a single family residence building which was constructed on a building site containing two or more platted 50-foot *283 lots, said building shall not henceforth be reduced or diminished in any manner and if said residence building is demolished or removed therefrom, no permit shall be issued for the construction of more than one residence building site.
The purpose of the proviso, as was said in the King case at 363 So.2d 392:
"was to prevent developers, etc., from coming into Coral Gables, tearing down existing residences on large lots, and then building more residences on smaller lots."
The record in this case shows that after acquiring equitable ownership of three adjacent 50-foot lots (27, 28, 29) and half of another (30) in Block 17, Section E in the city, Puiggros removed a structure  apparently a detached garage of the home located on the adjacent lot  which had been built primarily on Lot 28 but which also extended onto Lot 27. After this had been accomplished without a permit and without the knowledge of the city's zoning officials, Puiggros asked John Little, the zoning administrator of Coral Gables, whether Lot 27 would be considered a separate building site under § 8.02. A survey submitted by the plaintiff did not reveal the demolished structure, and the city's records contained no indication of its prior existence. The survey did show, however, both that the porch of the still existing main residence on Lot 28 improperly extended to the lot line, thus violating a three-foot set-back requirement, and that the steps and driveway of the residence actually encroached in a minor fashion onto Lot 27 itself. Little submitted the issue to the Coral Gables zoning board, which, on September 12, 1977, adopted the following resolution:
"Resolution No. 1279-ZB: A resolution by the Zoning Board ruling that Lot 27, Block 17, Section `E', could be considered a separate building site."
Soon afterwards, Little informed Puiggros, who had not been present at the zoning board hearing, that Lot 27 could be used so long as the set-back was provided on Lot 28 and the encroachments removed from Lot 27. In reliance upon these statements, the appellee complied with the requirements, at a cost of almost $3,000.00.
A short time after that, several irate neighbors told Little and the city manager of the prior demolition of the structure which had extended onto Lot 27. That meeting led to a subsequent hearing before the zoning board, which on December 5, 1977, purported to withdraw its previous determination by enacting:
"Resolution No. 1318(b)-ZB: A resolution by the board, ruling that Lot 27 was not a separate building site, and that Lots 27 and 28, Block 17, Section `E' must be held together as one building site; such decision being based upon the submittal of additional facts previously not known."
Puiggros then appealed this action to the Coral Gables city commission. On February 14, 1978, two commission members voted for, and three against a resolution to affirm the second zoning board action of December 5, 1977. Despite the majority vote against it, the resolution was deemed adopted because of the provisions of a city ordinance, § 14.01 of the zoning code, which requires a 4/5ths vote of the city commission in order to overrule a decision of the zoning board.
Following this action, Puiggros filed suit to compel the city to issue a building permit for the construction of a separate house on Lot 27. Three separate bases were asserted for the demand for that relief. It was contended
(1) that because the plaintiff had been induced to expend funds by the representations of the city's zoning officials that Lot 27 could be separately used for residential purposes, Coral Gables had become equitably estopped subsequently to deny that authority;
(2) that the 4/5ths voting requirement of § 14.01 of the zoning code was invalid as in conflict with Sections 13 and 14 of the city charter which provided that a majority vote of the commission was required for the passage of any ordinance or resolution; on this theory, the city had already itself granted Puiggros the authority he requested by a thus-efficacious majority vote of the commission; and

*284 (3) that the first, September 12, 1977 resolution of the zoning board had become final, under § 14.01 of the city zoning code, after the passage of 14 days without appeal; thus, it was argued, the zoning board lacked jurisdiction to rescind that resolution and enact the contrary one at its meeting of December 5, 1977.
In due course, Puiggros moved for summary judgment in his favor. The motion was granted solely on the ground that equitable estoppel had been established as a matter of law. The trial judge explicitly did not rule on either of the plaintiff's other theories.
We reverse the summary judgment entered below. We agree that, without more, the city would be estopped now to deny Puiggros the relief he seeks upon the clear showing that he expended funds specifically in reliance upon the statements and actions of city officials that Lot 27 was available for separate residential use. Sakolsky v. City of Coral Gables, 151 So.2d 433 (Fla. 1963); Project Home, Inc. v. Town of Astatula, 373 So.2d 710 (Fla.2d DCA 1979) and cases cited. Nonetheless, the record presents genuine issues,[1] which preclude the finding of equitable estoppel as a matter of law, as to whether,
(a) the initial decision to permit the separate use of Lot 27 was based upon a material[2] mistake of fact concerning the existence of the demolished structure on Lots 27 and 28, which would, if known, have justified a different determination as to the applicability of § 8.01, see Godson v. Town of Surfside, 150 Fla. 614, 8 So.2d 497 (1942); Dade County v. Bengis Associates, Inc., 257 So.2d 291 (Fla.3d DCA 1972), cert. denied, 261 So.2d 839 (Fla. 1972); and
(b) whether, if so, the city's actions were themselves induced by Puiggros' own act of withholding information concerning the razing of the former structure  thus, in effect, estopping the plaintiff from claiming the benefit of an estoppel against the city. Jefferson National Bank at Sunny Isles v. Metropolitan Dade County, 271 So.2d 207, 214 (Fla.3d DCA 1972), cert. denied, 277 So.2d 536 (Fla. 1973); see J.S. Michael Co. v. Rayonier, Inc., 212 So.2d 824 (Fla.1st DCA 1968).
We therefore conclude that the summary judgment as to equitable estoppel was inappropriately entered and remand for trial on that issue.
We expressly decline the plaintiff's invitation[3] to make an initial appellate determination of the merits of his alternative theories of relief. While we of course recognize the rule that judgments may be affirmed on any ground appearing in the record, whether relied upon below or not, see 3 Fla.Jur.2d Appellate Review § 296 (1978), we believe that the circumstances of this case militate against our ruling on these issues at this time. If, after trial, the lower court were again to find the city equitably estopped, there would once more be no reason to reach the sensitive and difficult[4] questions involved, thus vindicating *285 the principle that courts should, as Justice Terrell said, "decline to settle questions beyond the necessities of the immediate case." State ex rel. Helseth v. DuBose, 99 Fla. 812, 128 So. 4, 6 (1930). If, on the other hand, these issues must eventually be reached, appropriate principles of appellate decision-making dictate that we have the benefit of their having been first considered and decided by the lower court. See Aetna Cas. & Surety Co. v. Flowers, 330 U.S. 464, 468, 67 S.Ct. 798, 800, 91 L.Ed. 1024, 1027 (1946); United States v. Ballard, 322 U.S. 78, 88, 64 S.Ct. 882, 887, 88 L.Ed. 1148, 1154 (1944).
The judgment below is therefore reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
[2] There is also a threshold unresolved question as to whether the prior structure was in fact a part of a building "constructed on a building site containing two or more platted fifty (50) foot lots," which, under § 8.02, prevented a later reduction of that "building site."
[3] Puiggros has raised these questions through the medium of a "cross-appeal" of the judgment below. Since that judgment was wholly in his favor, such a cross-appeal, as a technical matter, does not lie. Credit Industrial Co. v. Re-Mark Chemical Co., 67 So.2d 540 (Fla. 1953). We have, however, considered the briefs filed on behalf of the "cross-appellant" as supplements to his answer brief as appellee in the main appeal, seeking affirmance, as he has a perfect right to do, on grounds other than those stated in the order under review. See United States v. American Railway Express Co., 265 U.S. 425, 435-436, 44 S.Ct. 560, 563-564, 68 L.Ed. 1087, 1093 (1924).
[4] For example, as to the "majority-4/5ths, charter-ordinance conflict" issue, compare Hock v. City of Morgantown, 253 S.E.2d 386 (W. Va. 1979); Development Industries, Inc. v. City of Norman, 412 P.2d 953 (Okl. 1966); City of Jackson v. Freeman-Howie, Inc., 239 Miss. 84, 121 So.2d 120 (1960); Bauman v. State ex rel Underwood, 122 Ohio St. 269, 171 N.E. 336 (1930); Nardone v. Ryan, 49 Misc.2d 73, 266 N.Y.S.2d 847 (Sup.Ct. 1966); with Vaicelunas v. Fechner, 7 Wis.2d 14, 95 N.W.2d 786 (1959); see Scavella v. Fernandez, 371 So.2d 535 (Fla.3d DCA 1979); Banana River Properties v. City of Cocoa Beach, 287 So.2d 377 (Fla.4th DCA 1973).